UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

WILFRED WHARFF,

                           Plaintiff,

        - against -

STATE UNIVERSITY OF NEW YORK
HEALTH SCIENCE CENTER AT
BROOKLYN,

                      Defendant.

-----------------------------------------------------------------X

**STIPULATION OF SETTLMENT,
GENERAL RELEASE, AND
ORDER OF DISMISSAL**

05-CV-4780 (MKB)(LB)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 30 2012 ★

**BROOKLYN OFFICE**

          STIPULATION OF SETTLEMENT, GENERAL RELEASE & ORDER OF

DISMISSAL (the "Stipulation of Settlement") made by and between WILFRED WHARFF

("Plaintiff") and THE STATE UNIVERSITY OF NEW YORK ("SUNY"), effective as of July

25th, 2012:

          WHEREAS, Plaintiff, acting pro se, commenced the above-captioned action on or about

October 11, 2005, by filing a complaint in the United States District Court for the Eastern

District of New York asserting claims under Title VII of the Civil Rights Act of 1964 ("Title

VII") against STATE UNIVERSITY OF NEW YORK HEALTH SCIENCE CENTER AT

BROOKLYN (the "Action"); and

          WHEREAS, STATE UNIVERSITY OF NEW YORK HEALTH SCIENCE CENTER AT

BROOKLYN is a subdivision of SUNY and does not have a corporate existence apart from

SUNY; and

          WHEREAS, any reference to SUNY in this Stipulation of Settlement includes but is not

limited to State University of New York Health Science Center at Brooklyn; and

          WHEREAS, in a Memorandum and Order, entered February 9, 2010, the Court granted

- 1 -

in part and denied in part SUNY's motion to dismiss, and dismissed certain of Plaintiff's Title VII claims; and

WHEREAS, on April 21, 2010, Plaintiff, through counsel, filed an Amended Complaint re-asserting those Title VII claims against SUNY that had not been dismissed; and

WHEREAS, in a Memorandum and Order, entered March 7, 2012, the Court granted in part and denied in part SUNY's motion for summary judgment, and dismissed certain of Plaintiff's remaining Title VII claims; and

WHEREAS, SUNY (including but not limited to State University of New York Health Science Center at Brooklyn and any and all constituent colleges, institutes, departments, divisions, associations, units, and related entities of SUNY) expressly denies any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law in the Action whatsoever; and

WHEREAS, Plaintiff and SUNY desire to fully resolve the Action and any and all other disputes, whether known or unknown, between them without further litigation and without admission of fault or liability;

NOW, THEREFORE, in consideration of the mutual promises, covenants and other consideration contained in this Stipulation of Settlement, Plaintiff and SUNY hereby agree as follows:

1.   **Dismissal Of The Action With Prejudice.**

The Action and all claims asserted by Plaintiff therein against SUNY (including but not limited to State University of New York Health Science Center at Brooklyn and any and all constituent colleges, institutes, departments, divisions, associations, units, and related entities of SUNY) are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and

- 2 -

without payments, attorneys' fees, costs, disbursements or expenses in excess of the amounts specified in Paragraph 2 of this Agreement.

2.      **Payments to Plaintiff.**

For and in consideration of: (1) the dismissal of the Action with prejudice as stated fully in paragraph 1; (2) Plaintiff's execution of the General Release set forth in Paragraph 7; and (3) other good and valuable consideration, the sufficiency of which is hereby acknowledged; and subject to the reservation for payment to Medicare contained in paragraph 7,  SUNY, and/or the State of New York on behalf of SUNY, shall pay to Plaintiff the following sums in full and final satisfaction of all claims, allegations and causes of action, direct or indirect, known or unknown, that Plaintiff had, has or may have against SUNY (including, without limitation, State University of New York Health Science Center at Brooklyn and any and all other constituent colleges, institutes, divisions, associations, units and any related entities of SUNY) together with all of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their personal or official capacities, arising out of any conduct, acts or omissions prior to and as of the date of this Stipulation of Settlement including but not limited to those asserted in The Action as well as in full and complete satisfaction of all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, punitive damages, and liquidated damages), lost wages, benefits, and economic damages (including but not limited to back pay, front pay, severance pay, commissions, bonuses, reimbursements, and pension plan contributions), and attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have at any time represented Plaintiff in the Action, as well as in connection with any other

- 3 -

proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

a.     A payment from SUNY in the gross amount of Ten Thousand Dollars ($10,000.00), less any and all applicable withholding and/or payroll deductions (including, without limitation, federal, state and local taxes), for which an I.R.S. Form W-2 shall be issued, in full and complete satisfaction of all claims, allegations or causes of action for lost wages and benefits (including, without limitation, back pay, front pay, severance pay, commissions, bonuses, reimbursements and pension plan contributions).  The foregoing payment shall be made payable to the order of "Wilfred Wharff," and mailed to the Law Office of Steven A. Morelli, P.C., 1461 Franklin Avenue, Garden City, New York 11530.

b.     A payment from the State of New York in the amount of Thirty-Five Thousand Dollars ($35,000.00), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of all claims, allegations or causes of action for compensatory damages (including, without limitation, pain and suffering, mental and emotional anguish and trauma, punitive damages, and liquidated damages), and any other claim or action arising from, based upon or alleging any of the acts, transactions, occurrences or omissions asserted in the Action.  The foregoing payment shall be made payable to the order of the "Wilfred Wharff," and mailed to the Law Office of Steven A. Morelli, P.C., 1461 Franklin Avenue, Garden City, New York 11530.

c.     A payment from the State of New York in the amount of Fifteen Thousand Dollars ($15,000), for which an I.R.S. Form 1099 shall be issued, in full and complete satisfaction of all claims, allegations or causes of action for attorneys' fees, costs, disbursements and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action, as well as in connection with any other proceeding, administrative,

judicial or otherwise. The foregoing payment shall be made payable to the order of "Law Office of Steven A. Morelli, P.C.," and mailed to the Law Office of Steven A. Morelli, P.C., 1461 Franklin Avenue, Garden City, New York 11530.

     3.    **State Approval Of Payments.**

The payments set forth in Paragraph 2 of this Agreement are subject to the approvals of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's counsel agree to execute and deliver all necessary or appropriate vouchers and other documents requested with respect to such payments.

     4.    **Accrual Of Interest.**

In the event that the payments referenced in Paragraph 2 have not been made by the one hundred twentieth day after receipt by the New York State Office of the Attorney General of a so-ordered copy of this Stipulation of Settlement along with any further documentation as required under Paragraphs 6 and 7 hereof, interest on any of the sums not paid by the one hundred twentieth day shall begin to run on the one hundred twenty-first day at the statutory rate in accordance with 28 U.S.C. § 1961.

     5.    **Liability Of Plaintiff And His Counsel For Taxes.**

It is understood and agreed by the parties that any taxes, or interest or penalties on taxes, on the payments specified in Paragraph 2 shall be the sole and complete responsibility of Plaintiff or his attorneys, respectively, and that Plaintiff and his attorneys shall have no claim, right or cause of action against the State of New York, SUNY or any of their subdivisions, units or related entities on account of such taxes, interest or penalties.

- 5 -

6.    **Notification To Medicare.**

Prior to tendering the requisite documents for payment, any Medicare-recipient claimant shall have notified Medicare and obtained and submitted with the closing papers a final demand letter for conditional payments.  A Medicare Set-Aside Trust may also be required if future anticipated medical cost are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

7.    **Liability Of Plaintiff For Any Required Medicare Payments And/Or Liens.**

Plaintiff agrees to defend, indemnify and hold harmless SUNY and the State of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter.  If conditional and/or future anticipated Medicare payments have not been satisfied, SUNY and/or the State of New York reserve the right to issue a multi-party settlement check, naming Medicare as a payee or to issue a check to Medicare directly based on Medicare's final letter.  Upon receipt of all required settlement papers, payment of the settlement shall be made in accordance with the terms as set forth herein.

8.    **General Release in Favor of SUNY.**

For and in consideration of the payment referenced in Paragraphs 2 and 7, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Stipulation of Settlement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors and assigns (collectively the "Releasing Parties"), hereby releases and forever discharges SUNY (including but not limited to State University of New York Health Science Center at Brooklyn and any and all constituent colleges, institutes, departments, divisions, associations, units, and related entities of SUNY) and all of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees,

agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns (collectively the "Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter or thing whatsoever up to and including the date of execution of this Stipulation of Settlement, including but not limited to: (a) any and all claims regarding or arising out of the acts, transactions, occurrences or omissions which are described, alleged or contained in the Action, including without limitation the Complaint and the Amended Complaint; (b) any and all claims regarding or arising directly or indirectly from either Plaintiff's employment and/or association with any of the Released Parties or the termination thereof or the terms and conditions of his employment and/or association with any of the Released Parties; (c) any and all claims of harassment, hostile work environment or discrimination based upon disability, age, race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship, military service, status, medical condition or retaliation; (d) any and all claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances, or orders including, without limitation, claims under 42 U.S.C. §§ 1981 through 1988, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the New York State Human Rights Law,

- 7 -

N.Y. Exec. Law § 296 et seq., the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq., the United States Constitution, the New York State Constitution, the New York City Charter, and any other federal, state or local law; (e) any claims of retaliation for participation in a protected activity and/or engaging in any activity protected under any federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders; (f) any and all claims for salary, bonuses, severance pay, vacation pay, sick pay, incentive pay or other compensation, or any nonvested retirement, pension or savings plan benefits; (g) any and all grievances pursuant to any applicable collective bargaining agreement; and (h) any and all other claims, whether for moneys owed, damages (including but not limited to claims for equitable relief, compensatory, punitive or other damages), breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, violation of public policy, wrongful or constructive discharge, or any other tort, or any claim for costs, fees, or other expenses, including attorneys' fees, or any other claims under federal, state, or local law relating to employment, or otherwise.  This release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights and/or the New York City Commission on Human Rights, as well as any and all claims against the State of New York, its agencies, departments and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions or occurrences up to and including the date of this Stipulation of Settlement.

9.   **No Other Actions Commenced.**

Other than this Action, Plaintiff represents that he has not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against SUNY (including,

- 8 -

without limitation, State University of New York Health Science Center at Brooklyn and any and all other constituent colleges, institutes, divisions, associations, units and any related entities of SUNY) or any of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing are currently pending in any court, or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for SUNY to enter into this Agreement.

### 10.    Waiver of Attorney's Lien.

The undersigned attorney  for the plaintiff does hereby release and waive his lien for services upon the above-named plaintiff's causes of action, claim, verdict, report, judgment, determination, or settlement in favor of said plaintiff which he has thereon under and by virtue of Section 475 of the Judiciary Law or otherwise.

### 11.    No Other Attorney.

The undersigned attorney for the plaintiff does further represent that there are no other attorneys having a lien for services rendered to the plaintiff pursuant to the provisions of Section 475 of the Judiciary Law or otherwise.

### 12.    No Prevailing Party.

Neither Plaintiff nor SUNY shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status, with respect to this Action.

- 9 -

13.     **Binding Effect On Successors And Assigns.**

The terms and conditions of this Stipulation of Settlement, and the commitments and obligations of the parties, shall inure to the benefit of, and be binding upon, the successors and assigns of each party.

14.     **Authority.**

Each signatory to this Stipulation of Settlement hereby represents and warrants that he, she or it has the requisite authority to enter into this Agreement and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

15.     **Negotiated Agreement.**

The parties acknowledge that each party has cooperated in the drafting and preparation of this Stipulation of Settlement. The language in all parts of this Stipulation of Settlement shall be in all cases construed according to its fair meaning and not strictly for or against either party.

16.     **Voluntary Agreement.**

Plaintiff represents that he has thoroughly discussed all aspects of the Agreement (including the General Release set forth in Paragraph 8) with his attorney and Plaintiff represents that he has carefully read and fully understands all of the provisions of the Stipulation of Settlement. Plaintiff represents that he executes and delivers this Stipulation of Settlement voluntarily after being fully informed of its terms, contents and effect, and acknowledges that he understands its terms, contents and effect. Plaintiff acknowledges that he has been advised of his right to seek the advice of an attorney and that he is and has been represented by counsel of his own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to either party or any one acting on behalf of either party.

- 10 -

17.     **No Admission Of Liability.**

It is understood and agreed that any actions taken or payments made pursuant to this

Stipulation of Settlement are made solely to avoid the burdens and expense of protracted

litigation; that this Stipulation of Settlement and the actions taken pursuant hereto are not to be

construed as constituting any determination on the merits of any claims in the Action or as

constituting any admission of wrongdoing or liability on the part of SUNY, (including but not

limited to State of New York Health Science Center at Brooklyn or any and all constituent

colleges, institutes, departments, divisions, associations, units, or related entities of SUNY), the

State of New York or any of their present and former principals, officers, directors, members,

trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions,

subsidiaries, heirs, administrators, and assigns, personally and in their official capacities, and

they expressly deny any wrongdoing or liability. Nothing contained in this Stipulation of

Settlement shall be deemed to constitute a policy or practice of SUNY (including but not limited

to State University of New York Health Science Center at Brooklyn or any and all constituent

colleges, institutes, departments, divisions, associations, units, or related entities of SUNY) or

the State of New York.

18.     **No Precedential Value.**

This Stipulation of Settlement shall not in any manner be construed as determinative of

the issues raised in the Action or any other proceeding and shall have no precedential value. In

addition, notwithstanding the provisions of any paragraph herein, this Stipulation of Settlement

shall not bind or collaterally estop SUNY (including but not limited to State University of New

York Health Science Center at Brooklyn or any and all constituent colleges, institutes,

departments, divisions, associations, units, or related entities of SUNY) or the State of New York

- 11 -

in pending or future actions or proceedings, in which the same or similar issues are raised, from
defending any and all issues raised in said actions or proceedings, or from advancing any
defenses.

**19.    Entire Agreement.**

This Stipulation of Settlement constitutes the entire agreement between the parties, and
supersedes and embodies, merges and integrates all prior and current agreements and
understandings of the parties, whether written or oral. No representations, agreements, or
understandings of any kind, either written or oral, shall be binding upon the parties unless
expressly contained herein. This Stipulation of Settlement is a complete and exhaustive
statement of the terms of the parties' agreement, which may not be explained or supplemented by
evidence of consistent additional terms or contradicted by evidence of any prior or
contemporaneous agreement. No modification, clarification, change, or amendment of this
Stipulation of Settlement shall be effective unless it is in writing and signed by each of the
parties or an authorized representative of the parties.

**20.    Governing Law.**

The terms of this Stipulation of Settlement shall be governed by, and construed in
accordance with, the laws of the State of New York, without regard to choice of law principles,
applicable to contracts to be performed wholly within the State of New York, except to the
extent that federal law applies to Plaintiff's release and waiver of federal claims.

**21.    Severability.**

If any portion or portions of this Stipulation of Settlement is held by a court of competent
jurisdiction to be invalid and of no force or effect, all remaining portions of this Stipulation of
Settlement  shall otherwise remain in full force and effect and be construed as if such invalid

- 12 -

portion or portions had not been included herein.

**22.   Headings.**

The headings contained in this Stipulation of Settlement are for convenience of reference only and are not a material part of this Stipulation of Settlement.

**23.   Submission to the Court.**  This Stipulation of Settlement shall be submitted to the Court to be "So Ordered" without further notice.

**24.   Counterparts.**  This Stipulation of Settlement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Stipulation of Settlement and accept and agree to the provisions contained herein, and have each executed this Stipulation of Settlement to be effective on the day and date first above written.

_____                          Dated: July 25, 2012
WILFRED WHARFF

STATE OF NEW YORK, COUNTY OF Nassau §§ :

On July 25, 2012, before me personally came and appeared Wilfred Wharff, known to me or proved to me on the basis of satisfactory evidence to be the individual described in this "Settlement Agreement" and who duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

Paul A. Bartels
Notary Public, State of New York
Qualified in Suffolk County
No. 02BA6220306
Commission Expires April 12, 2014

- 13 -

LAW OFFICE OF STEVEN A. MORELLI, P.C.
<u>Attorneys for Plaintiff</u>
By:

Joshua Beldner, Esq.                                    Dated: July 25, 2012
1461 Franklin Avenue
Garden City, New York 11530
(516) 393-9151


ERIC T. SCHNEIDERMAN
Attorney General of the
  State of New York
<u>Attorney for Defendant</u>
By:

Steven L. Banks                                         Dated: July 27, 2012
Assistant Attorney General
120 Broadway – 24th Floor
New York, New York 10271
(212) 416-8621


SO ORDERED:

          s/Margo K. Brodie

          HONORABLE MARGO K. BRODIE
          United States District Judge

Dated:  Brooklyn, New York
        July 27, 2012


- 14 -